*448 OPINION.
Teussjsld :
The petitioner in this case appeared in his own behalf with the explanation that his financial affairs were so heavily involved following the enormous losses he has suffered that he did not feel able to avail himself of the services of an attorney. He took the stand and testified fully and frankly so far as he was able from his own recollection as refreshed from the returns and other papers in the case. The respondent does not contest the fact that enormous losses have been suffered by this petitioner, but he offers the contention that all of the losses claimed in the returns and disallowed were with respect to certain sales which, in his opinion, were not bona fide, and even if bona fide, they were substantially of no significance with respect to the taxable years, for the reason that the stock had become worthless prior to the taxable years. In support of the contention of worthlessness the returns of the corporation were put in evidence, with reliance mainly upon the balance sheets as reported in the returns, reflecting before financial reorganization an enormous operating deficit. The corporation, however, was able to hold off its creditors until some time in 1926; it had behind it the earnest support and backing of the petitioner; and its troubles were largely due to general adverse trade conditions, so that we think it can not be said that prospects were hopeless for a financial rehabilitation.
The regulations of the Commissioner have uniformly required that a loss through worthless stock is only allowable through a closed transaction or where there is a clear showing that the stock *449 is utterly without any value whatever. See article 144 of Regulations 45 and 62.
However bad the statement of affairs appears from the balance sheet at the beginning of 1923, it is not a basis upon which we think the respondent, in the face of continued operations, would have permitted the petitioner to have taken, in a prior year, the deduction of a loss through worthlessness.
We prefer the view that the evidence does not establish the utter worthlessness of the stock prior to the taxable years.
We turn then to the first taxable year and find in that year the petitioner sold 450 shares of stock for a consideration of $1 per share to various employees who paid him in cash. We believe that the sales were bona fide and the resulting losses are allowable as a deduction from income.
In the same year the petitioner claims to have sold to his son 50 shares of the stock for a cash consideration. In support of this claim the petitioner testified that the son, then a minor, had separate means through a trust fund which the petitioner was administering. We are of the opinion that this transaction is obviously open to serious question, and it does not afford a satisfactory basis for the allowances of a loss. We think the trust fund can not be recognized as available for the purposes of the petitioner acting both for himself and as trustee. There is in evidence no other source of the cash consideration. This loss may not be allowed.
In 1924 the petitioner sold to his wife 500 shares of the stock for a cash consideration of $500. The wife had means of her own. We think the sale was bona fide; conceived and executed for a legal purpose, and it was valid as between the parties. It follows that the loss is allowable.
We arrive at the same conclusion of fact with respect to the sale of 300 shares of the stock to petitioner’s wife in 1925. It follows that the resulting loss is allowable.
In 1926 the creditors closed down on the corporation and liquidation immediately began. Leaving out of consideration the probability of loss upon the preferred stock which the petitioner owned, there remains a heavy loss, for we see no chance whatever for the petitioner to realize anything on the remainder of his no-par common stock, and we believe there is a satisfactory basis for a conclusion that this no-par stock became worthless in 1926. The loss eliminates the net income.
It is unnecessary to give detailed consideration to the claimed sale of 500 shares of the stock to another minor son.
Upon the record the bases for computation of the several losses are as follows: for 1923, under section 202 (b) (2) of the Revenue *450 Act of 1921, $78,248 per share; for 1924 and 1925, under section 204 (b) of the Revenue Acts of 1924 and 1926, $108,248 per share; for 1926, under sections 214 (a) (4) (5) and (6) and 204 (b) of the Revenue Act of 1926, $108,248 per share.
The several net incomes should be recomputed in conformity with this opinion.
Reviewed by the Board.

Decision will be entered■ pursuant to Bule 50.

MtjkdocK concurs in the result only.
Tkammell dissents on the question of sales of stock.